## COUNTY OF NEWPORT, FEBRUARY TERM, 1862, AT NEWPORT.

PRESENT:

Hon. SAMUEL AMES, Chief Justice.
Hon. GEORGE A. BRAYTON, Associate Justice.

## R. L. TRAFFORD, Trustee for John Gregson and Joseph S. Ridgway, *v.* DAVID P. HALL.

Three promissory notes made by the defendant payable to J. S. R., and amounting, with interest, to $1548.83, were by J. S. R, endorsed, after maturity, to the plaintiff, to secure the payment of $1200, due from J. S. R, to J. G. The plaintiff having sued the notes, as trustee for J. G. and J. S. R., the defendant pleaded in set-off a claim against J. S. R. for the rents of three houses and lots, which he alleged had been collected by J. S. R. for him; *Held*, that the set-off could not be allowed; the notes and suit being the notes and suit of the plaintiff, and not of J. S. R.; and the mere statute right of set-off, as distinguished from a set-off by agreement, not being an equity attached to the notes, and subject to which the plaintiff, receiving them when overdue, took them.

ASSUMPSIT against the defendant, as the maker of three several promissory notes, all dated, New York, August 15th, 1855 ; one, for the sum of $305.90, payable, with interest, six months after date, and the two others for the sums of $530.30 and of $423.95, respectively, payable, with interest, twelve months after date, to Joseph S. Ridgway or order, and by him endorsed to the plaintiff.

The case was tried at the August term of this court for the county of Newport, 1861, under pleas of the general issue, payment and set-off, before the Chief Justice, with a jury, and on the trial it appeared, that the payee of the notes, Ridgway, in the month of August, 1860, had endorsed them to the plaintiff, to secure the sum of $1200 and upwards; due from Ridgway to John Gregson,—the balance to pay over to Ridgway ; and that on the first named of said notes the sum of $100 had been paid, and that interest on all said notes had been paid down to November 1st, 1856.

The defendant proved, in support of his plea of set-off, that on the 21st day of September, 1857, he conveyed to Ridgway, three houses and lots in Brooklyn, N. Y., subject to certain mortgages thereon, to enable Ridgway to become bail for him in a case pending against him in the Supreme Court of New York, and to indemnify Ridgway as such bail, and for any future undertaking by Ridgway, in his behalf, on an appeal of said case to the Court of Appeals, and that, upon the termination of said suit, and such indemnity, Ridgway was to reconvey said houses and lots to the defendant ; that, on the 24th day of May, 1860, Ridgway executed to the defendant, the following receipt :—" Received, New York, May 24th, 1860, of David P. Hall, three notes, of which the above are copies," (being notes amounting in all to the sum of $585,) " in full for all his liability to me for law services and salary, subsequent to January 1st, 1857, under which date I hold a previous note for $423.30, for matters antecedent to January 1st, 1857. Our borrowed money account and trust matters, in reference to the three houses in Brooklyn, and the charges, the rents, &c., subsequent to January 1st, 1857, are not included herein, but come into a separate account, with the proceeds of the sale of the machinery, in 1858 and 1859.

(Signed,)      JOSEPH S. RIDGWAY."

The defendant then offered to prove, by way of set-off to the plaintiff's claim upon the notes sued, the rents received by Ridgway from the three houses and lots in Brooklyn, since November 1st, 1857, as a debt from Ridgway to him; claiming, that as the plaintiff took said notes after they were overdue, he took them subject to the equity of said set-off. The counsel for the plaintiff objected to the proof of such set-off, and the presiding judge ruled out the same, remarking, that if evidence had also been offered of an express agreement, prior to endorsement of the notes sued, that said rents should be set off against them, the ruling might have been different. Upon this ruling, the jury returned a verdict for the plaintiff, for $1548.83, the amount due upon the notes sued without allowance of the rents in set-off, whereupon, the defendant filed this motion for a new trial, upon the ground of error in law in the above ruling.

*Hall, pro seipso, with whom was W. H. Potter,* to the point, that Trafford and Gregson took the notes, being overdue, subject to all their equities, cited Chitty on Bills, 244; *Hendricks* v. *Judah,* 1 Johns. 319; *Smith* v. *Van Loan,* 16 Wend. 659; *Williams* v. *Mathews,* 3 Cowen, 252; *De Mott* v. *Starkey,* 3 Barb. Ch. Rep. 403; *Reed* v. *Warner,* 5 Paige, 650; *Driggs* v. *Bordwell,* 11 Wend. 504.

That the set-off should have been allowed, they cited 1 Tidd's Pract. 715, 716; 1 Dunlap's Pract. 475, 480; *Williams v. Mathews,* 3 Cowen, 282; *Driggs* v. *Bordwell,* 11 Wend. 504; Rev. St. Ch. 185, § 12.

*Sheffield, for the plaintiff.*

AMES, C. J. The action in this case was properly brought by the plaintiff in his own name, as endorsee of the notes sued, and in discharge of his trust to Gregson, for whose security the notes were turned over to the plaintiff by Ridgway. It is the trustee's suit, for the benefit of his *cestui;* the balance, it is true, to result to Ridgway, if any balance should remain after satisfying Gregson's debt. Upon what ground, then, can the defendant claim to set off a debt due to him from Ridgway against the *plaintiff's* notes? The statute of set-off was designed to prevent an unnecessary multiplication of suits; and so allows the defendant to oppose, in the same suit, his debt against the plaintiff to the plaintiff's debt

against him. It is quite beside the intent of the statute to perpetrate the injustice of permitting the defendant to set off his debt against a stranger to the action, against the plaintiff's debt against him, or to litigate in the plaintiff's action a claim, of which, not being a party to it, the plaintiff can know nothing, and one of the contracting parties to which is no party to the action. The 12th section of Ch. 185, of the Revised Statutes, expressly requires, in order to a set-off,—that the *defendant's* claim must be upon the *plaintiff*,—one, upon which the defendant can maintain an action against him in his own name and right, and that the right of set-off must be mutual. It will not be contended, that the defendant can maintain an action against the plaintiff on the claim which he here offers to set off, and yet this is necessary to satisfy the requirement of the statute.

The defendant's notion is, that whilst these notes were Ridgway's, his right to set off against them the rents of his three houses and lots received by Ridgway attached to the notes as an equity ; and that, inasmuch as the plaintiff took the notes from Ridgway long after their maturity, he took them subject to this equitable right. Without doubt, there are equities attached to notes which follow them into the hands of endorsees with notice, or, what is the same thing, who take them when overdue ; such as fraud in the procuring of them, or, on the transfer of them after payment in whole or part ; and if there has been an agreed set-off against a note of a claim held by the maker against the holder, the right to such set-off would thereby become attached to the note and follow it into the hands of an endorsee with notice, or who took it when overdue.

The mere statutory right of set-off, however, attaches to claims legally transferable, only whilst they constitute mutual debts of the parties to the suit; and was not designed to clog their transferability, but simply to enable such claims to be adjusted in a single action, and thus prevent an unnecessary multiplication of suits. The status of the claims, as mutually binding the parties in the same right and capacity *at the time of action brought*, determines this right; and before that period, the right is not attached to, but wholly collateral to them, and contingent for its existence upon their existence as mutual debts down to the period

of suit. It is true, that where a principal permits an agent to sell as apparent principal, and afterwards intervenes, the buyer is entitled to be placed in the same situation at the time of the disclosure of the real principal, as if the agent had been the real contracting party, and is entitled to the same defence, whether it be by common law or statute, payment or set-off, as he was entitled to, at that time, against the agent, the apparent principal. The line of cases which settles this is considered in application to cases like the one at bar, in *Isberg* v. *Bowden*, 8 Exch. Rep. 851 ; and that case, and the cases of *Burrough* v. *Moss*, 10 B. and C. 558, and *Oulds* v. *Harrison*, 28 Eng. L. and Eq. Rep. 524, are in point to the case before us, and seem to us to have been decided in conformity with principle.

.Our own statute of set-off is, as we have seen, so carefully guarded, as to exclude any other interpretation of it, when applied to cases like the one before us. The notes here sued are wholly independent of the defendant's claim for rents,—preëxisting it upwards of two years ; nor, though the attention of the defendant was called at the trial to the matter, was it pretended that there had existed any agreement between Ridgway and the defendant, before the plaintiff's title to the notes accrued, that they were to be satisfied by a set-off of the rents of the Brooklyn lots, received by the former. · The absence of such agreement would effectually dispose of the proof offered, as applicable to the plea of payment, or to the general issue ; but as the allowance of the judge who presided at the trial shows, the proof was offered only under the plea of set-off, and, under that plea, was, as we have considered, properly rejected by him.

We have purposely abstained from looking at the character of the claim offered to be set off, under the facts disclosed by the deed, defeasance and receipt, which seems principally to have occupied the attention of the counsel, and from considering the question whether the claim was so far liquidated as to come within the limited right of set-off prescribed by the statute. We prefer to rest our judgment upon the simple ground, that the defendant cannot set off his claim against Ridgway, against the plaintiff's claim against him ; and, dismissing this motion for a new trial, with costs, order judgment to be entered for the plaintiff, in accordance with the verdict.